Christina D. Riggs
SAUL EWING LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19106
(215) 972-7810
criggs@saul.com
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AYRTON J. DOERR,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNIVERSITY OF DELAWARE, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 16-2738-JMV-JBC<br><br>(Filed Electronically) |

**REPLY BRIEF IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

　　　In their opening brief, Defendants move to dismiss on three grounds: (1) lack of personal jurisdiction over the Defendants, (2) improper venue, and (3) failure to state grounds for relief against the Defendants. Nothing in Plaintiff's opposition memorandum ("Opp'n Mem") saves his Complaint from dismissal on these grounds -- Plaintiff improperly asserted this action against these Defendants in this District with no jurisdiction and a wholly deficient Complaint.

### A.    <u>Plaintiff Failed To Allege Any Basis for Personal Jurisdiction Over the Defendants.</u>

Once a defendant objects to personal jurisdiction, "the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Plaintiff fails to satisfy his burden.

In his opposition memorandum, Plaintiff makes <u>no</u> claim that this Court has personal jurisdiction over the Individual Defendants. For this reason, the Individual Defendants should be dismissed.

Regarding the University, Plaintiff merely alleges that "Defendants have engaged and continue to engage in a continuous campaign to attract New Jersey students to its campus . . . ." Opp'n Mem. at 4. This lone basis for jurisdiction over the University fails for two reasons.

First, Plaintiff fails to identify *any* connection—let alone a substantial one—between the Defendants' alleged *suit-related conduct* and New Jersey. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, *and the litigation*." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added) (quotation omitted).

Next, Plaintiff attempts to pin jurisdiction on conduct that has nothing to do with his case, asserting a proposition roundly rejected by courts all over the

country, *i.e.,* that a university exposes itself to jurisdiction all over the country simply because it promotes itself to the Nation's high school students. *See Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542 (3rd Cir. 1985) ("Advanced educational institutions typically draw their student body from numerous states, and appellants' theory would subject them to suit on non-forum related claims in every state where a member of the student body resides.  Thus, the fact that residents of the state apply and are accepted for admission to St. George's is of no moment."); *Severinsen v. Widener Univ.*, 768 A.2d 200, 206 (N.J. App. Div. 2001) (holding that university's in-state recruitment efforts have too remote an impact on commerce in New Jersey to warrant exercise of jurisdiction; in addition, the university's educational mission "is a salient factor weighing against the exercise of personal jurisdiction"); *see also Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 714 (N.D. Tex. 2012) ("Evidence that a university recruits or admits students from the forum state, employs forum residents, receives revenue from the state in the form of tuition or fundraising, or has contacts with prospective students and alumni in the state is simply insufficient to support the exercise of general jurisdiction."); *Cassell v. Loyola Univ.*, 294 F. Supp. 622, 624 (E.D. Tenn. 1968) ("Traditional notions of fair play and substantial justice prevent the Court from holding that a non-profit educational institution renders itself subject to service of process in every state of the union from which it may seek or attract outstanding

athletes and scholars. Such a decision would as well place an unreasonably onerous burden on small educational institutions throughout the nation.").

Plaintiff fails to explain why his case should be decided differently.

### B. Nor Is Venue Proper in This Court.

Plaintiff mischaracterizes the law governing venue by claiming that his residence is enough to establish this Court as a proper venue. *See* Opp'n Mem at 3. Pursuant to § 1391(b), venue is proper only in: "(1) a judicial district in which any *defendant* resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any *defendant* is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b) (emphasis added). Although a plaintiff's choice of forum may be accorded certain weight, venue must still be proper, which it is not.[1]

---

[1] Plaintiff's choice is afforded less deference when the operative facts of a lawsuit occur outside the forum selected by the plaintiff. *ML Design Grp., LLC v. Young Mfg. Co.*, No. 12-5883 (MAS) (TJB), 2013 WL 3049174, at *3 (D.N.J. 2013) ("If a Plaintiff files suit outside its home state, a lack of 'operative events' in the forum state subjects Plaintiff's forum choice to a particularly 'high risk of being overridden.'" (citation omitted)).

### C. Plaintiff Offers No Response to Defendants' Rule 12(b)(6) Claims.

Rather than respond to the 12(b)(6) deficiencies addressed in Defendants' opening brief, Plaintiff conjures up two wholly inaccurate conclusions.

First, Plaintiff cites *Santiago v. Warminster Twp.* 629 F.3d 121 (3d Cir. 2010) for the apparent proposition that a "disagreement" between the parties, without more, saves a complaint from dismissal. Opp'n Mem at 3 ("[s]imply because the defendants do not agree with the allegations does not give them the right to a dismissal"). He misreads *Santiago.*

In *Santiago* the United States Court of Appeals for the Third Circuit *affirmed* a dismissal order from the United States District Court for the Eastern District of Pennsylvania. *Id.* And, as in this case, there was more than mere disagreement. The underlying defendants in *Santiago*, like the Defendants here, demonstrated that, even if taken as true, Ms. Santiago's allegations failed to support a claim for relief.

Second, Plaintiff asserts that dismissal is unwarranted because the Complaint allegedly places Defendants "on notice of the claims." Opp'n Mem at 3. But more is required. In *Bell Atl. Corp. v. Twombly*, the Supreme Court of the United States held that although Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim, that statement must "*show[] that the pleader is entitled to relief*, in order to give the defendant fair notice of what the ...

claim is *and the grounds upon which it rests*," 550 U.S. 544, 555 (2007) (internal quotations omitted) (emphasis added).  Expanding on this pleading requirement, the Supreme Court in *Ashcroft v. Iqbal* later confirmed that if a court can do no more than "infer … the mere *possibility* of misconduct," then the complaint "*has not 'show[n]'* – 'that the pleader is entitled to relief.'" 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)) (emphasis added). "Only a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id.* (emphasis added).  As further explained by the Third Circuit in *Santiago*, a case cited by Plaintiff, simply alleging a claim "does not mean that [a plaintiff] has supported those allegations with sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," – more is required.  629 F.3d at 129 (internal citations omitted).

Here, Plaintiff's Complaint falls well short of the proper pleading standard by failing to establish his entitlement to relief.  Although Defendants will not rearticulate the substance of the Complaint deficiencies here, the following deficiencies are left untouched by Plaintiff:

- Plaintiff's Counts I through IV (alleged Section 1983 violations) fail against the Individual Defendants because of qualified immunity;

- Plaintiff defeats his own Count I (alleged deprivation of the 5th Amendment privilege against self-incrimination) by conceding that he

was permitted to attend the student conduct hearing, deny any wrongdoing, and remain silent on the advice of counsel;

- Plaintiff's Count II (alleged deprivation of procedural due process based on the University's authority over off-campus conduct) fails because the University's Student Code of Conduct (on which Plaintiff grounds his claim) explicitly advises students that off-campus conduct may violate the Code;

- Plaintiff's Count III (alleged deprivation of substantive due process for alleged inability to confront accusers or receive a trial by jury) reveals his failure to understand that due process in a campus disciplinary proceeding is very different, and more easily provided, than the rights afforded to a criminal defendant;

- Plaintiff's Count IV (alleged deprivation of substantive due process right to privacy) fails to assert a cognizable privacy right;

- Plaintiff's Count V (breach of implied covenant of good faith and fair dealing) states no claim against the Individual Defendants he alleges a contract with the University rather than the Individual Defendants; and

- Plaintiff's Count V (breach of implied covenant of good faith and fair dealing) and Count VI (negligent infliction of emotional distress) are

deficient against all Defendants for failing to meet the requirements under either New Jersey or Delaware law.

For each of these reasons, Plaintiff's Complaint should be dismissed.  As one final effort to avoid dismissal, Plaintiff suggests that an amendment to the pleading should be granted, relying solely on a *pro se* plaintiff case, *Davis v. Nelms*, No. 3:09-cv-1879, 2009 WL 4034989, at *1 (M.D.Pa. Nov. 20, 2009).  But this Court may refuse to permit a *futile* amendment.  *See Holst v. Oxman*, 290 F. App'x. 508, 510 (3d Cir. 2008) (affirming denial of motion to amend complaint on grounds of futility).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.*  In short, there are no facts asserted or even suggested by Plaintiff which, if asserted, might save his Complaint from dismissal.

## CONCLUSION

For all the foregoing reasons, and the reasons set forth in Defendants' initial motion, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Complaint and dismiss with prejudice Plaintiff's Complaint.

Respectfully submitted,

**SAUL EWING LLP**

/s Christina D. Riggs
Christina D. Riggs, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
(215) 972-7810

Dated:  October 21, 2016                                   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

AYRTON J. DOERR                   :
                                  :
        Plaintiff,                :
                                  :
    v.                            :         CIVIL ACTION
                                  :
UNIVERSITY OF DELAWARE, et al.    :         No. 16-cv-02738
                                  :
        Defendants.               :
_____ :

## CERTIFICATE OF SERVICE

I hereby certify that the within *Reply Brief in Further Support of Defendants' Motion to Dismiss* was served on this date by way of electronic filing on the following counsel:

Dominic V. Caruso, Esquire
1037 Route 46 East, Suite 105
Clifton NJ 07013
(973) 614-8646
*Attorney for Plaintiff*

s/ Christina D. Riggs
Christina D. Riggs

Dated:  October 21, 2016

1927163.4 10/21/2016