NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYRTON J. DOERR,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF DELAWARE, et al.,<br><br>　　　　　　Defendants. | Civ. Action No. 16-02738<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

## I.　INTRODUCTION

This matter comes before the Court on Defendants University of Delaware ("UDel") and Patrick Harker, Jose-Luis Piera, Domenico Grasso, Ivet Z. Tweedy, Kathryn Goldman, Michael J. Fernbacher, William Wentz, John Doe and Roberta Roe's (the "Individual Defendants") motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. D.E. 3. Plaintiff opposes the motion. D.E. 5. The Court reviewed all submissions in support and opposition, and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, the Court grants Defendants' motion.

## II. BACKGROUND

Plaintiff Ayrton J. Doerr was a student at UDel from September 2011 until May 2014. Compl. ¶ 4. This matter arises from an incident that led to Plaintiff's arrest and subsequent expulsion from UDel. *Id.* ¶¶ 15, 21.

On April 19, 2014, at approximately 2:00 a.m., Plaintiff and two fellow students entered an unlocked off-campus apartment complex in Newark, Delaware. *Id.* ¶¶ 15-16. The three students entered the bedroom of a former girlfriend (Russo) of one of the students (Lee) and allegedly assaulted another male in the room (Zweifel) who was then involved in a romantic relationship with Russo. *Id.* ¶ 17. The three students allegedly kicked, punched, and struck Zweifel with a candle jar. *Id.* ¶ 18. The three students were subsequently arrested and charged with assault and home invasion. *Id.* ¶ 15.

Five days after the incident occurred, UDel suspended Plaintiff from the University. *Id.* ¶ 20. Within ten days of the incident, UDel conducted a hearing and concluded that Plaintiff had violated the code of student conduct and expelled Plaintiff from the University. *Id.* ¶¶ 20-21. Criminal charges in the underlying assault were never presented to a grand jury, and on February 3, 2016, the Attorney General of the State of Delaware closed the criminal investigation by filing a notice of *nolle prosequi*. *Id.* ¶¶ 24-25.

Plaintiff filed a six-count Complaint alleging (1) unlawful expulsion in violation of Plaintiff's civil rights under the United States Constitution and 42 U.S.C. § 1983 and § 1988, (2) violation of Plaintiff's right to procedural due process under the United States Constitution and 42 U.S.C. § 1983, (3) violation of Plaintiff's right to substantive due process under the United States Constitution and 42 U.S.C. § 1983, (4) violation of Plaintiff's right to privacy under the

United States Constitution and 42 U.S.C. § 1983, (5) breach of the covenant of good faith and fair dealing, and (6) negligent infliction of emotional distress. Defendants moved to dismiss the Complaint for improper venue, lack of personal jurisdiction and for failure to state a claim.[1] Plaintiff filed an opposition and Defendants replied.

### III. LAW AND ANALYSIS

As noted above, Defendants move to dismiss the Complaint on three separate bases. The Court finds Defendants' arguments regarding improper venue and failure to state a claim persuasive.[2] However, for the reasons discussed below, the Court concludes that it lacks personal jurisdiction[3] and therefore does not reach these arguments.

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). In New Jersey, "courts may exercise jurisdiction over a non-resident defendant to the uttermost limits permitted by the United States Constitution." *Nicastro v. McIntyre Mach. Am., Ltd.*, 201 N.J. 48, 72 (2010) (internal quotation marks omitted), *rev'd on*

---

[1] Defendant's brief in support of its motion (D.E. 3) will be referred to as "Def. Br." Plaintiff's brief in opposition (D.E. 5) will be called "Pl. Opp." Defendant's reply brief (D.E. 8) will be referred to as "Def. Rep."

[2] Plaintiff states that his choice of forum should be "accorded great weight." Pl. Opp. at 3. This argument misconstrues the difference between a motion for improper venue and a motion to transfer due to an inconvenient forum. *See Patricco v. Cameo Fashion Accessories, Inc.*, No. 86-5841, 1987 WL 7676, at *2 (E.D. Pa. Mar. 11, 1987). "Where, as here, the current forum is challenged as an improper venue, the plaintiff's choice is irrelevant." *Id.*

Moreover, as to Defendants' motion to dismiss for failure to state a claim, the Court emphasizes that the plausibility pleading standard "asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). For example, one glaring defect in Plaintiff's Complaint is that he pleads *no* facts that are specific to most of the Individual Defendants.

[3] "In deciding a motion to dismiss for lack of personal jurisdiction, the Court assumes the allegations of the complaint are true." *Bank of W. v. Motor Vessel 2000 FOUNTAIN 27 FEVER*, No. 00-6007, 2001 WL 1795540, at *1 (D.N.J. Dec. 6, 2001).

*other grounds sub nom., J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction over a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (noting that "opinions in the wake of the pathmarking *International Shoe* decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction"). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

Here, Plaintiff does not allege facts to support a finding of general jurisdiction in New Jersey over any Defendants. Plaintiff argues that "UDel should reasonably anticipate being haled into court in the resident state of its students when student rights are violated" and that Defendants "engage in a continuous campaign to attract New Jersey students to its campus." Pl. Opp. at 4. Courts, however, have consistently rejected the theory that a university's recruitment of out-of-state students and their attendance at the university is sufficient to confer general jurisdiction over the university in the students' home states. *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985); *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 713-14 (N.D. Tex. 2012) (collecting cases); *Hardnett v. Duquesne Univ.*, 897 F. Supp.

920, 923 (D. Md. 1995); *Severinsen v. Widener Univ.*, 338 N.J. Super. 42, 49-53 (App. Div. 2001). Additionally, Plaintiff does not allege that any of the Individual Defendants are domiciled in New Jersey. *See* Compl. ¶¶ 6-14. Therefore, Plaintiff pleads insufficient facts to establish general jurisdiction over Defendants.

The Court also concludes that it does not have specific jurisdiction over Defendants. Specific jurisdiction requires that the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations and quotation marks omitted). In other words, a defendant's activities in a state must relate to the plaintiff's claims, and the plaintiff's claims must arise from those activities. A court's exercise of personal jurisdiction "requires some act by which the defendant *purposefully avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (emphasis added) (internal quotation marks omitted). Additionally, due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also O'Connor*, 496 F.3d at 316 (discussing three-step process in determining personal jurisdiction). Importantly, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

In this case, Plaintiff does not argue that any of the causes of action arose from any contact Defendants had with New Jersey. Indeed, the facts alleged in the Complaint indicate that all of Defendants' alleged wrongdoing took place in Delaware. Even the underlying conduct by

Plaintiff, which led to his expulsion, allegedly occurred in Delaware. Plaintiff was arrested in Delaware for an offense in Delaware and the resulting disciplinary hearing, suspension, and expulsion from UDel all took place in Delaware. In short, Plaintiff pleads no facts that support specific jurisdiction in New Jersey.

### IV. CONCLUSION

For those reasons, the Court dismisses the Complaint without prejudice for lack of personal jurisdiction. Within thirty days of this Opinion, Plaintiff may file an amended complaint, addressing the deficiencies noted in this Opinion. An appropriate Order accompanies this Opinion.

Dated: June 9, 2017

John Michael Vazquez, U.S.D.J.